No. 4933.

NEW ORLEANS SUGAR SHED CO. v. H. H. HARRIS, Tax Collector.

The capital of the plaintiffs is invested in a sugar shed constructed in a *locus publicus*, pursuant to a contract with the city of New Orleans. They have two hundred and forty thousand dollars of capital invested in the enterprise; they employ this sum in administering the business of keeping a sugar shed on this *locus publicus*. Such an investment can not fairly be considered as an investment in real estate within the meaning of act No. 42 of the acts of 1871.

If the plaintiffs had invested their capital in and become owners of real estate to the amount thereof, it would be manifestly unjust to assess that property and at the same time to tax the sum so invested as capital stock.

Under the provisions of the act in question intended to exempt property from double taxation, no warrant whatever can be found in support of the pretensions of the plaintiffs in regard to an entire exemption of their property from taxation.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Semmes & Mott*, for plaintiff and appellant. *Henry C. Dibble*, for defendant and appellee.

WYLY, J. The plaintiffs appeal from the judgment dissolving their injunction restraining the defendant from collecting taxes from them, on the ground that their capital, $240,000, is invested in real estate, and therefore can not be taxed as capital stock, pursuant to act No. 42 of the acts of 1871.

The capital of the plaintiffs is invested in a sugar shed constructed on a *locus publicus*, pursuant to the contract of the city with Fleitas, whose rights the plaintiffs have acquired. They have two hundred and forty thousand dollars of capital invested in the enterprise; they employ this sum in administering the business of keeping a sugar shed on this *locus publicus*. Such an investment can not fairly be considered as an investment in real estate within the meaning of the act No. 42 of

the acts of 1871. The obvious reason for the exemption announced in said act is, that capital invested in real estate is liable to taxation, and if it be also included in the assessment as capital stock, the incorporated company will be liable to double taxation on the same property. If the plaintiffs had invested their capital and become owners of real estate to the amount thereof, it would be manifestly unjust to assess that property and at the same time to tax the sum so invested as capital stock.

Under the provisions of the act in question, intended to exempt property from double taxation, we find no warrant whatever in support of the pretensions of the plaintiffs in regard to an entire exemption of their property from taxation.

Judgment affirmed.